UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:94-CR-37-1-F
No. 7:12-CV-195-F

| | | |
|---|---|---|
| FREDERICK LEONARD HOOPER, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

This matter is before the court on Frederick Leonard Hooper's ("Hooper") Motion and Amended Motion to Vacate, Set Aside or Correct [DE-53 & 55] his conviction or sentence pursuant to 28 U.S.C. § 2255. The Government has been directed to file a response to the motions, *see* [DE-54, -57].

Hooper was sentenced in June 1995 [DE-32] to a term of 327 months on Counts Two and Three of an Indictment pursuant to his plea of guilty. *See* [DE-27]. Counts One and Four were dismissed on the Government's motion pursuant to the terms of the plea agreement. Hooper's sentence was affirmed on direct appeal, *see* [DE-34], and the Supreme Court denied his petition for writ of certiorari on March 17, 1997. In January 1999, Hooper's first § 2255 motion was dismissed pursuant to the Government's motion. *See* [DE-48]. In June 2001, Hooper sought production of materials in his case, but his request was denied. *See* [DE-50].

Eleven years later, Assistant Federal Public Defender Donahue was reviewing the records herein in light of *United States v. Simmons*, 649 F.3d 237 (2011), when she discovered what appeared to be a mathematical error in the computation of Hooper's sentencing range. Upon consultation with the United States Probation Office, Ms. Donahue determined that a unilateral error by the Probation Officer resulted in recommendation of a Guideline sentencing

range that was *90 months greater* than it should have been. The court had relied on the Probation Officer's computation in imposing the sentence, and the error in the computation went unnoticed by the Probation Officer, Hooper's counsel at the time, the Assistant United States Attorney, and the court for 17 years. According to the instant motion, Hooper's base offense level should have been 34 rather than 37, with a total offense level of 31 after a three-point reduction for acceptance of responsibility. Together with a criminal history category of VI, counsel contends that Hooper's Sentencing Guideline range should have been 188 to 235 months. The court is informed that Hooper's anticipated release date is October 22, 2018.

Counsel acknowledges that this is a second § 2255 motion, but argues that it is not "successive" so as to require authorization from the Fourth Circuit Court of Appeals because the initial motion was "summarily dismissed." *See* Memorandum [DE-53], Exh. 1, p. 2, n.1. In fact, the initial § 2255 motion was dismissed on the *merits*, *see* Order [DE-48], and this court, therefore, lacks jurisdiction to consider this successive motion. *See* § 2255 (h). Although the Government has been directed to file a response to the motion, *see* [DE-54], the court's recognition that it lacks jurisdiction necessitates the dismissal of Hooper's petition. The Government need not respond in this court as directed. Rather, it hereby is ORDERED, that Hooper's successive § 2255 motions [DE-53 and -55] hereby are DISMISSED, so as to permit him to seek authorization from the Fourth Circuit Court of Appeals to file this successive petition in this court.

### CERTIFICATE OF APPEALABILITY – ALLOWED

A careful review of the record herein and considering the unusual circumstances leading to the instant successive § 2255 motion, the undersigned Senior United States District Judge finds that a Certificate of Appealability *should issue* because petitioner, Hooper, has made a substantial showing of the denial of a constitutional right – that is, his right to due process – by virtue of the court's inadvertent imposition of a sentence that exceeds the correct and intended

2

Case 7:94-cr-00037-F   Document 59   Filed 08/17/12   Page 2 of 3

sentence by *seven and a half years* due to a mathematical error. The court issues this Certificate in order to bring the matter before the appellate court to expedite its consideration of this court's ability to afford relief.

SO ORDERED.

This, the 17th day of August, 2012.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge

3